## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **NANCY K. HAMMOND, on behalf of herself and for all present and former employees similarly situated,** ) ) ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| ) | **CIVIL ACTION** |
| v. ) ) | No. 02-2509-CM |
| ) | |
| **LOWE'S HOME CENTERS, INC.,** ) ) | |
| **Defendant.** ) ) | |

### MEMORANDUM AND ORDER

Plaintiff Nancy Hammond filed this lawsuit on behalf of herself and other similarly situated employees of defendant Lowe's Home Centers, Inc., under section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), to recover unpaid overtime compensation, unpaid minimum wage compensation, liquidated damages, attorney fees, and costs. Plaintiffs filed their Complaint on October 1, 2002, alleging that defendant violated FLSA. On November 4, 2003, plaintiffs filed their First Amended Complaint, alleging that defendant violated FLSA and asserting a breach of contract claim. Specifically, plaintiffs allege that defendant breached their respective employment contracts by (1) prorating their pay for their last week of employment; (2) switching their method of payment from salaried to hourly; (3) failing to pay them for off-the-clock work; (4) failing to properly pay hourly overtime; (5) subjecting them to a policy of forced absences under a sick leave policy; (6) failing to pay for or allow use of accumulated comp time;

(7) making improper deductions from their pay; and (8) failing to pay proper overtime. This matter is before the court on plaintiffs' Motion for Class Certification (Doc. 50).

## I. Procedural History

On January 9, 2004, the court denied defendant's motion to dismiss plaintiffs' breach of contract claim. Specifically, the court concluded that, if proven, plaintiffs' allegations would constitute a breach of defendant's contractual obligations to pay for all hours worked, including overtime.

The court next considered defendant's contention that FLSA preempts plaintiffs' breach of contract claim. In so considering, the court recognized the general rule that state law claims merely seeking to enforce the defined remedies of FLSA are preempted. *Connor v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1399 (10th Cir. 1997). However, an employer can contract to provide more protection against uncompensated overtime than FLSA requires, and that protection can take the form of a promise to pay for a longer time period. *Albee v. Vill. of Bartlett, Ill.*, 861 F. Supp. 680, 691 (N.D. Ill. 1994). The court concluded: "Accordingly, plaintiffs may recover on their breach of contract claim for unpaid wages only to the extent that the statute of limitations on the contract claim exceeds the FLSA limitations period." (Memorandum and Order at 6).

## II. Class Certification

Plaintiffs seek class certification on their breach of contract claim. Initially, plaintiffs proposed the following class:

> All present or former employees of Lowe's Home Improvement Centers, Inc. who signed a written contract of employment and were paid by the Salaried Plus Overtime Eligible Compensation Plan at any time from October 1, 1997 to the present date. Excluded from the class are all present or former employees who worked in California, Alaska, and Pennsylvania

-2-

(First Amended Complaint ¶ 16).  Presumably, based upon the court's January 9, 2004 Memorandum and Order, plaintiffs now propose three subclasses, each distinguished upon the putative class members' respective state statute of limitations.  In essence, plaintiffs propose subclasses that would include plaintiffs residing in states where the state of limitations for contract actions exceeds that of the FLSA, which is three years.[1]  Plaintiffs now seek certification of their contract claim for three putative subclasses: (1) a "Six Year State Subclass Group," which they define as October 1, 1998 to present; (2) a "Five Year State Subclass Group," which they define as October 1, 1999 to present; and (3) a "Four Year State Subclass Group," which they define as October 1, 2000 to present.

### A.  Standards

A court may certify a class only if it is satisfied that the party seeking class certification has met the requirements of Rule 23(a) of the Federal Rules of Civil Procedure.  Rule 23(a) requires a party to demonstrate that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  Defendant argues that neither of these requirements is met in this case.

### B.  Discussion

---

[1] Plaintiffs allege that defendant's violation of FLSA was willful, thereby implicating the three year FLSA limitation period contained in 29 U.S.C. § 255(a).

Plaintiffs' breach of contract claim pertains to a certain form contract of employment entitled "Salaried Plus Overtime Eligible Compensation Plan" (the Salary Plan). The court examines the context and timing of the execution of the Salary Plan with respect to each named class representative.

Plaintiff Nancy Hammond was hired as a nursery specialist at a Lowe's store in Shawnee, Kansas, in October 2000. Plaintiff Hammond signed and dated her Salary Plan on November 4, 2000. Plaintiff Douglas Dishman applied for employment with Lowe's in Shawnee on October 10, 2000, and, after his hiring, plaintiff Dishman executed his Salary Plan at his orientation on November 4, 2000. Plaintiff Rodney Menton applied for employment with Lowe's in September 2000, after which he signed his Salary Plan on November 17, 2000. Plaintiff Jennifer Thompson applied for employment at Lowe's in August 1999, at which time she was hired as a part-time cashier. In March 2001, plaintiff Thompson was promoted to appliance specialist, whereupon she received and executed her Salary Plan.

The remaining three class representatives, Linda Paulsen, MarkWeisberg, and Michael Ferguson, joined this litigation after plaintiffs moved to amend their pleadings. Plaintiff Paulsen was employed by Lowe's at the Shawnee store for approximately three months, from November 2001 to January 2002. Plaintiff Paulsen executed her Salary Plan on November 4, 2001. Plaintiff Mark Weisberg was hired by Lowe's in June 2000 as a Customer Service Associate IV at a Lowe's store in Poughkeepsie, New York. Plaintiff Weisberg executed two Salary Plans, one on June 8, 2000, and one on September 25, 2003. Plaintiff Michael Ferguson was hired by Lowe's in July 2002 as a Sales Specialist at a Lowe's store in Poughkeepsie, New York. Plaintiff Ferguson executed two separate Salary Plans during his employment, one of which was dated July 22, 2002, and the other of which contains no date.

Accordingly, the earliest that any of the named or opt-in plaintiffs has standing to represent the potential class is June 2000, which is the first time that any of the plaintiffs executed a Salary Plan and thereby worked for defendant in a Salary Plus Overtime position. In its previous order, the court specifically held that plaintiffs may recover on their breach of contract claim for unpaid wages only to the extent that the statute of limitations on the contract claim exceeds the FLSA limitations period. The limitations period with respect to plaintiffs' willful FLSA violation claims run three years from the date of filing of the original Complaint, or on October 1, 1999. 29 U.S.C. § 255(a). Thus, all of the currently named plaintiffs' breach of contract claims fall within the FLSA limitations period, and are, therefore, preempted.

Without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class. As such, a class representative whose claim is time-barred cannot assert the claim on behalf of the class. *See Carter v. West Publ'g Co.*, 225 F.3d 1258, 1267 (11th Cir. 2000) (reversing class certification because the named plaintiff, whose claim was time-barred, lacked standing to assert the claim); *Great Rivers Coop. of S.E. Iowa v. Farmland Indus., Inc.*, 120 F.3d 893, 899 (8th Cir. 1997) ("Here, [the class representative] is not and cannot be a class member because his claim is time barred; consequently, he cannot represent the class.").

The court concludes that plaintiffs do not have standing to represent the class they purport to represent because their breach of contract claims are preempted by FLSA. The court denies plaintiffs' motion for class certification.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Class Certification (Doc. 50) is denied.

Dated this   17   day of March 2004, at Kansas City, Kansas.

                                               **s/ Carlos Murguia**
                                               **CARLOS MURGUIA**
                                               **United States District Judge**