# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NANCY K. HAMMOND, et al., on behalf of themselves and for all present and former employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, INC.,<br><br>Defendant. | CIVIL ACTION<br><br>No. 02-2509-CM |

## MEMORANDUM AND ORDER

Plaintiffs bring this lawsuit on behalf of themselves and other similarly situated employees of defendant Lowe's Home Centers, Inc. under section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to recover unpaid overtime compensation, unpaid minimum wage compensation, liquidated damages, attorney fees, and costs. Plaintiffs also assert a breach of contract claim under multiple theories. This matter is before the court on Plaintiffs' 216(b) Motion to Certify Representative Action and Approve Notice to Class Members (Doc. 136). Plaintiffs ask the court to certify two of their claims: (1) that defendant violated the FLSA by prorating its employees' pay for their first and last weeks of employment and (2) that defendant violated the FLSA because its computer payroll system, under certain circumstances, fails to pay "salaried plus overtime eligible" ("SPOE") employees their base salary when

they work less than forty hours in one week.[1]  For the following reasons, the court conditionally certifies the class.

**I.     Standards**

The threshold issue before the court is which standard for certification applies at this time.  Plaintiffs claim that the lenient "notice stage" standard applies, and defendant maintains that because of the procedural posture of this case, the more rigorous "second stage" standard applies.  The court concludes that the notice stage standard applies.

Conditional certification of a class under the FLSA requires compliance with the FLSA class action mechanism, which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C.A. § 216(b).  Whether an employee may maintain a § 216(b) class action, then, depends on whether he or she is "similarly situated" to other members of the putative class.  Although § 216(b) does not define the term "similarly situated," the Tenth Circuit has endorsed the *ad hoc* method of determination.  *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001) (stating that although "there is little difference in the various approaches," "the *ad hoc* approach is the best of the three approaches outlined because it is not tied to the Rule 23 standards").

---

[1] In plaintiffs' reply brief, they summarize their second claim by stating that defendant "fail[s] to pay proper overtime under the [SPOE] compensation plan."  But all of plaintiffs' arguments center on defendant's alleged failure to pay SPOE employees ***base pay*** – not overtime – under certain circumstances.  The court makes its rulings based on plaintiffs' actual arguments, and not their summary of the claim.

Under the *ad hoc* method, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Id.* at 1102 (citing *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)). This initial determination "'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Id.* (quoting *Vaszlavik*, 175 F.R.D. at 678 (quoting *Bayles v. Am. Med. Response of Colo., Inc.*, 950 F. Supp. 1053, 1066 (D. Colo. 1996))). This standard is a lenient one, *Williams v. Sprint/United Mgmt. Co.*, 222 F.R.D. 483, 485 (D. Kan. 2004), but some courts have found that a plaintiff must factually support his allegations, *see, e.g., Mueller v. CBS, Inc.*, 201 F.R.D. 425, 429 (W.D. Pa. 2001) (requiring the plaintiff to provide "a sufficient factual basis on which a reasonable inference could be made" that putative class members are similarly situated (citation omitted)); *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996). Others have held that nothing more than substantial allegations is necessary. *See, e.g., Felix de Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001). While the Tenth Circuit's language in *Thiessen* seems to indicate that only substantial allegations are required, the court need not resolve the issue because plaintiffs have assumed that some presentation of evidence is appropriate here, and they have presented limited evidence in support of their claims.

"Because the court has minimal evidence, [the notice stage] determination . . . typically results in 'conditional certification' of a representative class." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). The "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards. *Grayson v. K-Mart*, 79 F.3d 1086, 1096 (11th Cir. 1996). The court typically makes the determination fairly early in the litigation, before the parties complete discovery. *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004). And in making the determination, the court does

-3-

not reach the merits of the plaintiff's claims. *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (citation omitted).

After the parties have completed discovery, the court then makes a second determination, applying a stricter "similarly situated" standard. *Thiessen*, 267 F.3d at 1102-03 (citation omitted). A motion to decertify often prompts this second determination. *Id.* The court reviews several factors during this "second stage" analysis, including the following: "'(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required by the [FLSA] before instituting suit.'" *Id.* at 1103 (quoting *Vaszlavik*, 175 F.R.D. at 678).

Defendant submits that the second stage determination, not the notice stage determination, applies here. Defendant points out that the notice stage analysis is typically applied in the early stages of a case. *See Brown*, 222 F.R.D. at 680 (considering a motion for conditional class certification filed the day after the court's initial scheduling conference). In this case, plaintiff Nancy Hammond filed the original complaint nearly three years ago. The parties have conducted significant discovery, although that discovery has been restricted to defendant's Shawnee, Kansas store. At least seven named plaintiffs and multiple Lowe's managers and corporate representatives have been deposed. Defendant has produced thousands of documents relating to its personnel and payroll practices. And plaintiffs tried unsuccessfully to certify the case as a class action under Rule 23.

Plaintiffs respond that defendant's calculated resistance to discovery is the only reason that the case has stalemated. They argue that applying a heightened standard would reward defendant for resisting plaintiffs' discovery requests.

-4-

Other courts have adopted defendant's proposed approach where the parties have engaged in significant discovery. *See, e.g., Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 498 (D.N.J. 2000) (applying stricter standard where over one hundred plaintiffs had opted in, and discovery was complete); *see also Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1274-75 (M.D. Ala. 2004) (stating that where parties presented extensive evidence to the court, a careful consideration of the evidence was warranted); *Ray v. Motel 6 Operating, Ltd. P'ship*, 1996 WL 938231, at *4 (D. Minn. Mar. 18, 1996) (declining to apply notice stage standard because the facts before the court were extensive and discovery was unnecessary); *cf. Williams*, 222 F.R.D. at 485 (applying notice stage analysis because "the parties have not engaged in discovery on those issues pertinent to the 'second stage' analysis").

The court finds that use of the second stage analysis is inappropriate and use of a hybrid analysis is unworkable. As plaintiffs point out, the parties have been engaging in discovery, but it has been limited. The evidence before the court is not extensive, and the court cannot conclude that the evidence is representative of what plaintiffs would present given further discovery. Moreover, the court is uncertain how to apply a hybrid analysis. During notice stage analysis, plaintiffs have the burden of proof, albeit a lenient one. But a court typically engages in second stage analysis when a defendant moves to decertify a conditionally certified class. Under such circumstances, defendant would have the burden of proof on its motion. *See Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 932 n.3 (5th Cir. 2005). If the court were to merge the two stages of analysis, a tactic which has not been considered or approved by any Circuit court, the court is uncertain where it would, or should, place the burden of proof.

Defendant seems to assume that if the court reaches the second stage of analysis, it will decline to certify plaintiffs' class based on the alleged lack of merit to plaintiffs' claims. Even if the court did analyze

the claims under stage two, the court questions whether it could reach the merits of plaintiffs' claims on a motion to certify. *See Jackson v. N.Y. Tel. Co.*, 163 F.R.D. 429, 432 (S.D.N.Y. 1995) ("Defendants' assertions are misplaced in the context of authorization of notice because they address the merits of the ADEA claims." (citation omitted)); *cf. Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988) (noting that the court should avoid focusing on the merits of the underlying claims when making a Rule 23 class certification determination); *Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982) (reversing and remanding denial of Rule 23 class certification where the district court noted that the plaintiff could not prevail on her individual claim). *But cf. Drnek v. City of Chicago*, 192 F. Supp. 2d 835, 837 (N.D. Ill. 2002) (addressing the merits of claims before certification when the defendant moved to dismiss without addressing the propriety of certification). The more appropriate course for defendant to challenge the sufficiency of plaintiffs' claims is a motion to dismiss or motion for summary judgment.

## II. Discussion

The issue next before the court is whether plaintiffs have met their light burden of showing that members of the putative class are similarly situated. A plaintiff can demonstrate that she and putative class members are similarly situated by showing that they were subject to a common policy. *Brown*, 222 F.R.D. at 679; *Hoffman*, 982 F. Supp. at 261 ("[C]ourts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."). The putative class members identified in plaintiffs' complaint are:

> All present or former employees of Lowe's Home Improvement Centers, Inc. who signed a written contract of employment and were paid by the Salaried Plus Overtime Eligible Compensation Plan at any time from October 1, 1999 to the present date. Excluded from

-6-

the class are all present or former employees who worked in California, Alaska, and Pennsylvania.

SPOE employees are paid under the "fluctuating work week" model of 29 C.F.R. § 778.114, and receive a fixed base salary each week, regardless of the number of hours they work. If a SPOE employee works more than forty hours, she is paid as follows:

> Each week your equivalent hourly rate will be determined by dividing your weekly base salary by the actual number of hours worked and reported during that week. You will be paid one half of your equivalent hourly rate for the hours worked in excess of (40) in that week.

During any week an employee does not work, she is not paid a base salary. Defendant also does not pay the employee's base salary during his first or last week of work if she fails to work each day during those weeks; instead, defendant prorates her pay. Plaintiffs claim that since all putative members of the representative action are paid under this plan, they are similarly situated. Moreover, defendant uses a centralized, computerized payroll process for all stores nationwide. Defendant processes all payroll checks at its home office in North Carolina. Individual stores only process the number of hours worked and correct mistakes in employees' time records. Each store processes payroll the same way.

The centralized computer program should pay all SPOE employees their base salary for any week in which they work at all. Any programmed rule, however, which causes one employee not to be paid his full salary in a week where she has worked less than forty hours will, under those same circumstances, cause the program to inaccurately pay other employees. Plaintiffs allege that the centralized nature of the payroll system deems all SPOE employees similarly situated.

Plaintiffs' expert, Michael J. Guilfoyle, opines that defendant's computerized payroll system "has multiple overrides to avoid paying the guaranteed weekly based salary to SPOE employees when they

-7-

work at least one hour in a work week." He also notes that defendant has no policies or procedures to correct any errors in the payroll process. Plaintiffs' attorneys represent to the court that "[p]laintiffs continue to uncover numerous pay anomalies for employees at the Shawnee store and elsewhere."

The court concludes that the above-cited evidence is sufficient to conditionally certify a class. According to their amended complaint, plaintiffs are proceeding under a pattern and practice theory. While, as defendant points out, each plaintiff's individual evidence that he or she was not paid the full guaranteed salary at certain times is weak or nonexistent, now is not the time to consider the individualized evidence. *See Thiessen*, 267 F.3d at 1106-07.

The court does not conditionally certify the class without hesitation. The court is particularly concerned with whether, as a matter of law, plaintiffs' claim for proration of their first and last weeks' pay is actionable. Plaintiffs have offered some opposition to defendant's argument that this claim is not viable, but they advise the court that their argument "is not intended to be a full legal treatment of the proration issue. . . . Plaintiffs will brief this issue much more fully at the summary judgment stage." If defendant files a dispositive motion on this issue, plaintiffs should be prepared to present their full argument why the claim is actionable under the FLSA.

Also disconcerting is the apparent lack of evidence that any plaintiff has actually failed to receive his or her full salary as a result of a computer payroll error. Mr. Guilfoyle opines that defendant's computerized payroll system has overrides to avoid paying the guaranteed weekly salary under certain circumstances. But Mr. Guilfoyle also admits that he has no evidence that any employee was actually subjected to an unlawful deduction from his or her guaranteed salary. And the evidence presently before the court indicates only one instance where an employee was subjected to a deduction, unlawful or not,

from her guaranteed salary – defendant paid plaintiff Nancy Hammond $115.44 for the workweek of April 28, 2001, when her regular bi-monthly pay was $1,154.40.

But these issues are not currently before the court. The only issue now is whether plaintiffs have sufficiently alleged and presented evidence that they are "similarly situated." Because plaintiffs have met their burden, the court will conditionally certify an opt-in class.

Plaintiffs have not submitted a proposed notice for the court to review. Plaintiffs should submit a proposed notice within fourteen days of the date of this memorandum and order. Defendant may file a response within fourteen days of plaintiffs' proposed notice.

**IT IS THEREFORE ORDERED** that Plaintiffs' 216(b) Motion to Certify Representative Action and Approve Notice to Class Members (Doc. 136) is granted.

Dated this 1st day of September 2005, at Kansas City, Kansas.

      **s/ Carlos Murguia**
      **CARLOS MURGUIA**
      **United States District Judge**