IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NANCY K. HAMMOND, on behalf of herself and for all present and former employees similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)  Case No.: 02-2509-CM<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF PARTIES' JOINT MOTION TO FILE
CONFIDENTIAL SETTLEMENT AGREEMENT UNDER SEAL**

In a separate pleading filed simultaneously with this motion, Defendant Lowe's Home Centers, Inc. and Plaintiffs Nancy K. Hammond, Rodney Menton, Douglas Dishman, Jennifer Thompson, Linda Paulson, Michael Ferguson, and Mark Weisberg ("Plaintiffs") seek approval of their settlement of Plaintiffs' claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and entry of a stipulated judgment. By this motion, the parties jointly seek permission to file under seal an executed copy of their Confidential Stipulation of Settlement, which includes as attachments a proposed Court-Ordered Notice and a Consent-to-Join and Release and Waiver (collectively "Settlement Agreement"). The parties respectfully request that the Settlement Agreement remain under seal.

**I.  PROCEDURAL BACKGROUND**

In October 2002, plaintiffs brought this lawsuit on behalf of themselves and other similarly-situated employees of Defendant under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to recover unpaid overtime compensation, unpaid minimum wage compensation, liquidated damages, attorney fees, and costs. Plaintiffs also asserted a breach of

contract claim under multiple theories. In August 2003, Plaintiffs filed a motion to certify a Rule 23 class based on their breach of contract allegations. Dkt. # 50-51. The Court denied Plaintiffs' motion in March 2004, concluding that Plaintiffs did not have standing to represent the class they purported to represent because their breach of contract claims were preempted by FLSA. Dkt. # 119.

Subsequently, in December 2004, Plaintiffs filed a motion pursuant to Section 16(b) of the FLSA to certify a collective action and sought Court approval for class notice. In this motion, Plaintiffs sought nationwide conditional certification of their lawsuit with respect to two legal claims: the first regarding pro-ration of employees' salaries during partial first and last weeks of employment, and the second relating to purported problems with defendant's payroll computer (GEAC) systems. Dkt. # 136. In September 2005, the Court granted Plaintiffs' Section 16(b) certification motion. Dkt. # 187. The Court again denied Plaintiffs' motion for class certification pursuant to Fed. R. Civ. P. 23. Id. In late September 2005, Defendant filed a motion for partial summary judgment seeking dismissal of Plaintiffs' class-based allegations regarding the two above-referenced claims.

On July 7, 2006, the parties filed a joint motion to extend indefinitely Plaintiffs' deadline to respond to Defendant's motion for partial summary judgment, pending the outcome of the parties' mediation on July 26, 27, and 28, 2006. Dkt. # 231. On July 12, the Court granted the parties' motion. During mediation, the parties reached a settlement, which has since been memorialized in the Settlement Agreement which is the subject of this motion. Dkt. # 233.

## II.   LEGAL STANDARDS FOR FILING UNDER SEAL

Although federal courts recognize a common-law right of access to judicial records, that right is not absolute. *See, e.g., Bryan v. Eichenwald*, 191 F.R.D. 650, 652 (D. Kan. 2000)

(Rushfelt, Mag.). Thus, a district court has discretionary power to control and seal, if necessary, records and files in its possession. *Crystal Grower's Corp. v. Dobbins*, 616 F.3d 458, 461 (10th Cir. 1980) (*citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) and other cases); *Bryan*, 191 F.R.D. at 652. In exercising this discretion, the district court "must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record." *Stapp v. Overnite Transp. Co.*, No. 96-2320-GTV, 1998 U.S. Dist. LEXIS 6412, *1-2 (D. Kan. Apr. 10, 1998) (Van Bebber, J.) (citations omitted); *see also Crystal Grower's Corp.*, 616 F.3d at 461 (citations omitted).

The Tenth Circuit has found that the public has a "general interest in understanding disputes that are presented to a public forum for resolution," as well as an "interest in assuring that the courts are fairly run and judges are honest." Crystal Grower's Corp., 616 F.3d at 461. However, where a party establishes a "public or private harm sufficient to overcome the public's right of access to judicial records," the court may seal part of the record in a case. *Bryan*, 191 F.R.D. at 652 (internal quotation omitted). This Court has stated that the "presumption of access may be overcome only on the basis of articulable facts know to the court, not on the basis of unsupported hypothesis or conjecture." Stapp, 1998 U.S. Dist. LEXIS 642 at *3 (*quoting Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "The fact that all litigants favor sealing the record is of interest, but not determinative." Bryan, 191 F.R.D. at 652 (internal quotation omitted).

Courts have denied access in cases where records are sought for "improper purposes such as promoting public scandal or harming a business litigant's competitive standing." *Ramirez v. Bravo's Holding Co.*, No. 94-2396-GTV, 1996 U.S. Dist. LEXIS 13135, *2-3 (D. Kan. Aug. 22,

3

1996) (Van Bebber, J.) (citing Nixon, 436 U.S. at 598). A compelling interest in secrecy may also arise in cases involving trade secrets, the identity of informers, the privacy of children, risk of injury to innocent third parties, and national security threats. *See Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002); *United States v. Smith*, 776 F.2d 1104, 1113 (3d Cir. 1985); *Brown & Williamson Tobacco Corp. v. Federal Trade Comm'n*, 710 F.2d 1165, 1179 (6th Cir. 1983).

There is also a "strong public interest in encouraging settlement of private litigation," because such settlements "save the parties the substantial cost of litigation and conserve the limited judicial resources of the judiciary." *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986). Courts have acknowledged that confidentiality of settlement terms may facilitate settlement, avoid protracted litigation, and allay fears of further litigation. *See, e.g., Jessup*, 277 F.3d at 928; Hotel Rittenhouse Assocs., 800 F.2d at 344-46 (3d Cir. 1986); *Stephens v. County of Albemarle*, 422 F. Supp. 2d 640, 644 (W.D. Va. 2006); *In re Franklin Nat'l Bank Secs. Litig.*, 92 F.R.D. 468 (E.D.N.Y. 1981), aff'd sub nom. *FDIC v. Ernst & Ernst*, 677 F.2d 230 (2d Cir. 1982). Accordingly, courts also consider a "particularized need for confidentiality" in reaching a settlement as a factor in favor of denying public access. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994); Hotel Rittenhouse Assocs., 800 F.2d at 344-46.

**III. THE BALANCING OF PUBLIC AND PRIVATE INTERESTS FAVORS SEALING THE SETTLEMENT AGREEMENT**

In this case, the interests of the public and the parties are clearly aligned in favor of sealing the Settlement Agreement. As discussed below, public disclosure of the settlement terms would interfere in the settlement process of this case, as well as in other cases currently pending before federal district courts in Pennsylvania and Ohio. The public interests in the openness of

4

judicial processes will not be sacrificed and the public's interest in just and speedy resolution of FLSA claims will be promoted.

### A. *Public disclosure of the Settlement Agreement would interfere with the settlement process in this case*

The Settlement Agreement provides for the settlement of a nationwide class of FLSA claims through the Section 16(b) "opt-in" process applicable to FLSA lawsuits.[1] *See* 29 U.S.C. § 216(b). Public disclosure of the settlement terms would encourage further "copycat" litigation and interfere with the settlement process in at least two ways.[2]

First, publication of the Settlement Agreement is likely to spawn new competing lawsuits filed by opportunistic plaintiffs' lawyers. The parties have agreed to a confidentiality provision because, having reached a fair and comprehensive settlement on the claims at issue in this and other lawsuits, they have concluded that such suits are in neither Plaintiffs' nor Defendants' interests. Nor is the public interest in just and speedy resolution of employee rights under the FLSA served by a needless multiplication of suits and expenditure of litigant and judicial resources. Because there are nationwide class interests at stake here, such suits could be filed in any number of jurisdictions, further complicating already complex litigation and needlessly wasting both judicial and litigant resources.

In In re Franklin Nat'l Bank Securities Litigation, 92 F.R.D. 468 (E.D.N.Y. 1981), aff'd sub nom. *FDIC v. Ernst & Ernst*, 677 F.2d 230 (2d Cir. 1982), a public interest group attempted

---

[1] In addition to this case, the Settlement Agreement covers the following cases: *Bernhardi, et al. v. Lowe's Companies, Inc., et al.*, No. 03-CV-6372 (W.D.N.Y.), *Bernhardi, et al. v. Lowe's Companies, Inc., et al.*, No. 03-9116 (Sup. Ct. N.Y., Monroe Cty.); *Misner v. Lowe's Companies, Inc., et al.*, No. 06-00560 (Sup. Ct. N.Y., Monroe Cty.); and *Galligan v. Lowe's Companies, Inc.*, No. 3:05-CV-0799RM (N.D. Ind.). The Settlement Agreement excludes employees who worked in Alaska, California, Ohio, and Pennsylvania.

to set aside a confidentiality order that preserved the confidentiality of a settlement of complex multidistrict litigation arising out of the insolvency of a large bank.  In refusing to lift the confidentiality order, both the district court and the Second Circuit emphasized the magnitude of the litigation and the public interest involved in resolving the dispute short of trial.  *See Hotel Rittenhouse Assocs.*, 800 F.3d at 345 (discussing case).  The district court noted that confidentiality was a critical factor in avoiding a lengthy trial and enormous expenditures of litigant and judicial resources.  In re Franklin Nat'l Bank Secs. Litig., 92 F.R.D. at 472.  Although the public interest in knowing the terms of the settlement was relevant, the district court found this interest was outweighed by "the strong public policy favoring settlement of disputes, particularly in complicated cases, and the importance of stability of judgments and settlements."  Id.  This same public policy weighs in favor of maintaining the confidentiality of the parties' Settlement Agreement in this case.

Second, as set forth in the Settlement Agreement, the total settlement amount is dependent directly upon the opt-in participation rate.  Plaintiffs' interests in maximizing the total settlement for the opt-in settlement class will be harmed if eligible class members are lured to join other "copycat" lawsuits, rather than opt-in to the Hammond settlement class.[3]

### B.  *Public disclosure of the Settlement Agreement would interfere with the settlement process in other pending cases*

---

[2]  Since the parties reached an agreement in principle, at least one other proposed FLSA collective action involving overtime payments has been filed against Defendant.  *See Smith v. Lowe's Home Centers, Inc.*, No. 06CV 407 TCK-FHM (N.D. Okla.).

[3] Although the parties are aware that at least two district courts have unsealed settlement agreements after approving such agreements under the FLSA, these cases are distinguishable from the circumstances presented here.  *See Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003); *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 605 (E.D. Va. 1999).  In neither case did the parties make a showing of a "particularized need for confidentiality."  *Pansy*, 23 F.3d at 788.  Nor did these cases present the special circumstances attendant to formation of a nearly nationwide settlement class under the FLSA's collective action provisions.

The Settlement Agreement does not cover at least two other pending FLSA collective actions involving Defendant.  *See Evans, et al. v. Lowe's Home Centers, Inc.*, No. 3-CV-03-0438 (M.D. Pa.); *Smith, et al. v. Lowe's Home Centers, Inc.*, No. 2:04-CV-774 (S.D. Ohio).  In Evans, the parties filed cross-motions for summary judgment in July 2006.  However, after Defendant reached an agreement in this case, the parties in both Evans and Smith stipulated to a stay of proceedings to pursue settlement negotiations.  Disclosure of the terms of the settlement agreement could undermine the settlement of these cases.

## IV.   CONCLUSION

For the reasons stated above, the parties respectfully request that the Court seal the parties' Settlement Agreement until the opt-in period for the proposed settlement class has expired.

Respectfully submitted,

POLSINELLI SHALTON WELTE SUELTHAUS PC

By: /s/ Anthony J. Romano
ANTHONY J. ROMANO  (#13486)
700 West 47th Street, Suite 1000
Kansas City, Missouri  64112
(816) 753-1000
Fax No. (816) 753-1536

MARKO J. MRKONICH (admitted *pro hac vice*)
ANDREW J. VOSS (admitted *pro hac vice*)
Littler Mendelson, P.C.
33 South 6th Street, Suite 3110
Minneapolis, Minnesota  55402-3720
(612) 630-1000
Fax No. (612) 630-9626

KEITH HULT (admitted *pro hac vice*)
JOHN YBARRA (admitted *pro hac vice*)
Littler Mendelson, P.C.

       200 North LaSalle Street, Suite 2900
       Chicago, Illinois  60601
       (312) 372-5520
       Fax No. (312) 372-7880

       RICHARD L. WYATT, JR. (*pro hac vice* pending)
       W. RANDOLPH TESLIK (*pro hac vice* pending)
       ROBERT G. LIAN, JR. (*pro hac vice* pending)
       Akin Gump Strauss Hauer & Feld, LLP
       1333 New Hampshire Avenue, NW
       Washington, DC  20036
       (202) 887-4000
       Fax No.  (202) 887-4288

ATTORNEYS FOR DEFENDANT LOWE'S HOME CENTERS


       /s/ Michael F. Brady (w/permission)
By: _____
       MICHAEL F. BRADY  (#18630)
       5350 College Boulevard, Suite 118
       Overland Park, Kansas  66211
       (913) 696-0925
       Fax No.  (913) 696-0468

ATTORNEYS FOR PLAINTIFFS

Case 2:02-cv-02509-CM-GLR   Document 240   Filed 09/22/06   Page 9 of 9

## CERTIFICATE OF SERVICE

      I hereby certify that on September 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Dennis E. Egan, Esq.
Stephen J. Dennis, Esq.
323 W. 8th Street, Suite 200
Kansas City, MO 64105

Thomas H. Brill
8014 State Line Road-Ste. 101
Leawood, KS 66208-3712

Alan Grady Crone
James R. Becker, Jr.
James Julius Webb, Jr.
Crone & Mason, P.C.
5100 Poplar Ave., Suite 3200
Memphis, TN 38137

J. Nelson Thomas
Dolin, Thomas & Soloman, LLP
693 East Avenue
Rochester, New York 14607
ATTORNEYS FOR PLAINTIFFS

                                                /s/ Anthony J. Romano

029321 / 061979
JAWAR  1397983